In the U.S. Court of Appeals for the Federal Circuit

| | |
|---|---|
| George Dunbar Prewitt, Jr. | Claimant/Appellant |
| v. | No. <u>25-2141</u> |
| Douglas A. Collins, Secretary<br>U.S. Department of Veterans Affairs | Respondent/Appellee |

*Attachment to Informal Brief*

 The Court of Appeals for Veterans Claims (CAVC), per Judge Falvey, wrote (1) that I believe "that Congress has set up the veterans claims system—including this Court—in an unconstitutional manner", and (2) that I asked for an order from the CAVC to the Department of Veterans Affairs (VA) seeking " a notice of appellate rights for a 1970s VA rating decision".  The first issue addresses the idea that the Congress' assignment of Article III provisions to an Article I "court" violates both Article III, Section 2 and Article I, Section 8, Clause 9.

 Article III, Section 2 provides, in part, that "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and … to controversies to which the United States shall be a party…."  The caption of this case includes the Secretary, United States Department of Veterans Affairs so the United States, notwithstanding the fiction that the people's sovereignty has been fully transferred to the government in a written constitution with express limitations, is a party in this case.  The statute at issue is 28 U.S.C.

1

1651 so a United States law is at issue. Notice, or the lack thereof, is a requirement under the 5th Amendment to the U.S. Constitution so the U.S. Constitution is at issue. The power of Congress to create "courts" that are inferior to the U.S. Supreme Court and therefore within the judicial branch, under Article I, Section 8, Clause 9 of the U.S. Constitution, is at issue.

If the above constitutional and statutory provisions are violated, those matters cannot be settled in an appellate process whose legal existence is being challenged as is being done here. The mandamus at issue does not seek to adjudicate the merits of my VA matters, but seeks (1) to obtain a decision on whether or not the CAVC is a valid institution, and if its placement in the executive branch rather than the judicial branch, is legal under Article I, Section 8, Clause 9 of the U.S. Constitution, (2) whether mandamus is the only tool, in the absence of a valid appellate process, that will correct the failure to provide the constitutional right of notice where, on three separate occasions, this court and the CAVC have refused to declare whether, or not, the failure of the VA to provide me with notice of a rating decision on VA form 4107, as it did for other veterans who received notice of 1970 rating decisions on VA form 4107, is a violation of Due Process and Equal Protection, (3) if Article I, Section 8, Clause 9 has been violated by the creation of the CAVC in the executive branch rather than the judicial branch and if Article III, Section 2 has been violated by the transfer of the judicial power provisions above

to a non-Article III "court", is mandamus my only avenue to relief or is there some other method, and (4) if lack of legal notice renders a decision void, and void decisions can be collaterally challenged even assuming a valid appellate process with adequate notice, why is mandamus foreclosed in this instance where the Secretary, in a December 6, 2018 Supplemental Statement of the Case, confessed the following;

> Rating Decision dated June 17, 1970 was reviewed; you were sent a **Control Document and Award Letter dated June 23, 1970** notifying you of our decision in your claim. **There is no evidence in the file showing that you were provided appeal rights for the June 17, 1970 Rating Decision**. (emphasis added).

That favorable decision is binding on all of the Secretary's staff pursuant to 38 U.S.C. 5104A which states that ""Any finding favorable to the claimant as described in section 5104(b)(4) of this title shall be binding on all subsequent adjudicators within the Department, unless clear and convincing evidence is shown to the contrary to rebut such favorable finding." But favorable findings cannot be appealed, so the appellate process, even if found to be valid, is unavailable to me which leaves mandamus relief as the only option available to enforce the above provision on favorable findings.

## Conclusion

For the reasons listed above, this court should grant the requested mandamus relief.

3

/s/ George Dunbar Prewitt, Jr.
537 Dampier Drive
Greenville, MS 38701

## Certificate of Service

I certify that I will file this document with the ECF system at the Federal Circuit which will, in turn, provide a copy to attorneys of record on December 18, 2025.

/s/ George Dunbar Prewitt, Jr.